## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street, S.W., Suite 800 <br> Washington, DC 20024, <br><br> Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF JUSTICE, <br> 950 Pennsylvania Avenue, N.W. <br> Washington, DC 20530-0001, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against the U.S. Department of Justice ("Defendant") to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552.  As grounds therefor, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

## PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, accountability, and integrity in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies pursuant to FOIA.  Plaintiff analyzes the

responses and disseminates its findings and the requested records to the American public to inform them about "what their government is up to."

4. Defendant is an agency of the United States Government. Defendant has possession, custody, and control of records to which Plaintiff seeks access. Defendant is headquartered at 950 Pennsylvania Avenue, N.W., Washington, DC 20530-0001.

## STATEMENT OF FACTS

5. On January 5, 2018, Plaintiff submitted a FOIA request to the Federal Bureau of Investigation ("FBI"), a component of Defendant, seeking access to the following records:

> **Any and all records of communication, including but not limited to emails, text messages and instant chats, sent between former FBI General Counsel James Baker and any of the following individuals: former British intelligence officer Christopher Steele, principal of Orbis Business Intelligence, Ltd.; Glenn Simpson of Fusion GPS; former Fusion GPS contractor Nellie Ohr; and/or David Corn, a reporter with Mother Jones magazine.**

The time frame of the request was identified as "January 1, 2016 to the present."

6. By letter dated January 16, 2018, the FBI acknowledged receipt of Plaintiff's request and advised Plaintiff that the request had been assigned FOIA Request No. 1393291-000.

7. By letter dated July 25, 2018, the FBI denied Plaintiff's request, asserting it had no records responsive to the request.

8. On August 14, 2018, Plaintiff administratively appealed the FBI's "no records" response to the request. Plaintiff submitted its appeal by certified mail.

9. To date, the FBI has failed to respond to Plaintiff's administrative appeal.

## COUNT I

### (Violation of FOIA, 5 U.S.C. § 552)

10. Plaintiff realleges paragraphs 1 through 9 as if fully stated herein.

11. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with it.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA. Accordingly, Defendant's determination was due by September 12, 2018.

13. Because Defendant failed to make a final determination on Plaintiff's FOIA request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct searches for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indices of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

Dated:  January 25, 2019                         Respectfully submitted,

/s/ *Paul J. Orfanedes*
Paul J. Orfanedes
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street S.W., Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Email: porfanedes@judicialwatch.org

*Counsel for Plaintiff*